UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLEEN WALKER,

    Plaintiff,

v().                                                          Case No: 8:19-cv-627-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**<u>ORDER</u>**

Plaintiff, Alleen Walker, seeks judicial review of the denial of her claim for supplemental security income. Because the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and proper legal standards, the decision is reversed and remanded for further consideration.

**BACKGROUND**

**A.**    **Procedural Background**

Plaintiff filed an application for supplemental security income on August 7, 2015. (Tr. 263–66.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 190–91, 201–02.) Plaintiff then requested an administrative hearing. (Tr. 206–07.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 71–131.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 52–60.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–3.) Plaintiff then

timely filed a Complaint with this Court. (Dkt. 1) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1963, claimed disability beginning on August 17, 2010. (Tr. 263.) Plaintiff has a high school education. (Tr. 295.) Plaintiff's past relevant work experience included work as a babysitter, buffet server, housekeeper, and sandwich maker. (Tr. 296.) Plaintiff alleged disability due to slip disc in the neck, slip disc in the back, migraine headaches, dizziness, diabetes, high blood pressure, vision problems, foot pain, and bad circulation. (Tr. 294.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since August 7, 2015, the application date. (Tr. 54.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease; degenerative joint disease; diabetes mellitus; peripheral neuropathy; obesity; migraine headaches; high blood pressure; visual impairment, including open angles; plantar fasciitis; calcaneal spurs; osteoarthritis; vertigo; high cholesterol; and acid reflux. (Tr. 54–55.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 56.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b), with the ability to sit 6 hours in an 8-hour day and stand/walk a combined 6 hours in an 8-hour day. She cannot stand for more than 3 hours a day or walk for more than 3 hours a day. She can lift and carry 20 pounds occasionally and 10 pounds frequently, but she cannot push and pull with the upper or lower extremities. She cannot climb ropes, ladders, or scaffolds, but she can occasionally climb stairs and ramps. She can frequently balance and stoop but cannot kneel, crouch, or crawl. She cannot read fine print, but she can perform tasks involving near and far acuity so long as fine print is not involved. She can frequently perform overhead and directional reaching and can

...
...

   frequently use her hands for fine and gross manipulations. She should not work around workplace hazards such as unprotected heights.

(Tr. 56.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record. (Tr. 58–59.)

  Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a food service worker, both as it was actually performed and generally performed in the national economy. (Tr. 59.) Accordingly, based on Plaintiff's RFC and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 59.)

## APPLICABLE STANDARDS

  To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

  The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.

20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis,

mandates reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to develop the record regarding Plaintiff's past relevant work; and (2) the ALJ failed to resolve an apparent conflict with the Dictionary of Occupational Titles ("DOT").  For the reasons that follow, Plaintiff's contentions warrant reversal.

### A.  Past Relevant Work

"[T]he ALJ has a basic duty to develop a full and fair record."  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see* 20 C.F.R. §§ 404.1512(b)(1)(ii), 416.912(b)(1)(ii) ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application.").  However, "the claimant bears the burden of proving he is disabled," *Ellison*, 355 F.3d at 1276, and has a duty to provide evidence supporting his claim, 20 C.F.R. § 416.912(a)(1) ("This duty is ongoing and requires you to disclose any additional related evidence about which you become aware.").

When the claimant is not represented at the hearing before the ALJ, which is not the case here, the ALJ's "obligation to develop a full and fair record rises to a special duty . . . to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts and to be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances

are elicited." *Graham v. Apfel*, 129 F.3d 1420, 1422–23 (11th Cir. 1997) (internal citations omitted).  However, even where the ALJ's obligation to develop the record rises to a special duty, "there must be a showing of prejudice before we will find that the . . . case must be remanded . . . for further development of the record."  *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). Prejudice may be shown where the ALJ has failed to elicit relevant testimony, consider all evidence in the record, or where the record contains evidentiary gaps resulting in "unfairness or clear prejudice." *Kelly v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985); *see Brown*, 44 F.3d at 936 n.9 (finding that there may be unfair prejudice to a claimant where there is an evidentiary gap in the record involving recent medical treatment).

Here, Plaintiff was represented by counsel at the hearing before the ALJ.  (Tr. 73.) Although the ALJ had a duty to develop the record, it was not the heightened duty required of an ALJ when the claimant is unrepresented.  *Graham*, 129 F.3d at 1422.  Nevertheless, Plaintiff has identified a prejudicial gap in the evidence regarding Plaintiff's past relevant work.  "The regulations define past relevant work as work that a claimant has done 'within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it.'" *Mitchell v. Comm'r of Soc. Sec.*, 393 F. App'x 651, 654 (11th Cir. 2010) (quoting 20 C.F.R. § 404.1560(b)(1)).  "In evaluating work activity for substantial gainful activity purposes where the claimant was an employee in the past, the chief consideration is the claimant's earnings from the work activity." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 524 (11th Cir. 2014).

In this case, the ALJ found that the Plaintiff had past relevant work as a food service worker. (Tr. 59.)  That conclusion was based on the VE's testimony that Plaintiff's work at Bob Evans constituted work as a food service worker.  (Tr. 122.)  However, the record does not establish how long Plaintiff worked at Bob Evans and how much she earned.  Plaintiff testified

that she did not work at Bob Evans for very long (Tr. 92), but certified earnings records indicate that Plaintiff earned $3,034.13 at Bob Evans in 2005. (Tr. 281.) As Plaintiff points out, if she worked at Bob Evans more than three months, her average monthly earnings would not be high enough to be presumptively considered substantial gainful activity. (Dkt. 23 at 7.)

Defendant correctly notes that earnings are not dispositive. (Dkt. 27 at 7–8.) "Even where the claimant's average monthly earnings were below the amount established by the earnings guidelines, if other evidence indicates that the claimant was engaged in substantial gainful activity." *Eyre*, 586 F. App'x at 524. For example, in *Eyre*, although the claimant's earnings were not high enough, "other evidence on the energy, skill, and physical activity of her past work showed that Eyre engaged in substantial gainful activity as a kitchen helper and a hotel housekeeper." *Id.*

In this case, however, there is no other evidence in the record—let alone substantial evidence—regarding the "energy, skill, and physical activity" of Plaintiff's work at Bob Evans. Thus, because there is an evidentiary gap in the record, and because substantial evidence does not support the finding that Plaintiff has past relevant work as a food service worker, "[r]emand for further development of the record is appropriate." *McCrea v. Astrue*, 407 F. App'x 394, 396–97 (11th Cir. 2011) (finding that "the ALJ did not have the information needed to determine whether McCrea's prior work as a janitor qualified as substantial gainful activity and thus was past relevant work" where the record was unclear "how long McCrea worked as a janitor" and "the ALJ did not question McCrea to determine the exact nature of his janitorial work").

### B. Apparent Conflict

Additionally, citing to Social Security Rule ("SSR") 00-4p, Plaintiff argues that the ALJ failed to address an apparent conflict with the Dictionary of Occupational Titles ("DOT"). (Dkt.

23 at 8.) SSR 00-4p requires an ALJ to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by" a VE and information in the DOT, "including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles" ("SCO"). SSR 00-4p (S.S.A.), 2000 WL 1898704. Further, "the ALJs within the SSA have an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). Once a conflict is been identified, "the Ruling requires the ALJ to offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict." *Id.* "The failure to discharge this duty means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence." *Id.*

The ALJ found that Plaintiff was limited to frequent use of "her hands for fine and gross manipulations." (Tr. 56.) In considering Plaintiff's RFC, the VE testified that Plaintiff could perform the job of food service worker. (Tr. 123–24.) However, the DOT states that the position requires fingering constantly. *See* DICOT § 317.684-014, 1991 WL 672751. Defendant does not appear to dispute that this constitutes an apparent conflict but argues that the ALJ's failure to address it is harmless because the ALJ found Plaintiff could also perform the job as she actually performed it. (Dkt. 27 at 9–10.) However, as noted above, there is no evidence regarding Plaintiff's actual job duties at Bob Evans. Thus, with the RFC found by the ALJ, it is not clear that Plaintiff could return to her job as she actually performed it. Regardless, because the Court is remanding on the first issue, the ALJ will have the opportunity—and should—address this apparent conflict with the DOT on remand.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is **ORDERED**:

1. The decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

2. The Clerk of Court is directed to enter judgment consistent with this order and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on June 23, 2020.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record